United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KELLY ANNE WALTERS,
Petitioner,

v.

R. J. GARCIA,
Respondent.

Case No. 21-cv-06231-WHO (PR)

**ORDER DIRECTING PETITIONER TO FILE A RESPONSE TO THIS ORDER ON OR BEFORE FEBRUARY 15, 2022**

This federal action was filed by Kelly Anne Walters, a federal prisoner, as a 28 U.S.C. § 2241 petition for writ of habeas corpus, that is, as a challenge to the lawfulness or duration of her incarceration. A review of the petition, however, shows that Walters seeks reinstatement of her telephone privileges rather than release from custody. (Pet., Dkt. No. 1 at 6-7.) Because success on her claims will not affect the length of her incarceration, her claims are not the proper subject of a habeas action. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement). Walters may pursue her claims only through a civil rights action.

In light of this, Walters must inform the Court by **February 15, 2022** in writing whether she wishes to the Court to convert this federal habeas action to a federal civil rights action. Before she makes her decision, she should be aware of the following. The filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $402.00 ($350.00 if pauper status is granted) and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A

prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $402.00 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

If Walters chooses to pursue this suit as a civil rights action, the Court then will set a deadline for her to file a civil rights complaint and to file an application to proceed *in forma pauperis* (or pay the full filing fee). If Walters instead chooses to pursue this suit as a habeas action, it will be dismissed for failure to state a habeas claim. She would then have to file an amended petition in which she raises challenges to her conviction and show why such a challenge should not be filed in Idaho, where she was convicted, rather than here in the Northern District of California, where she is incarcerated.[1]

Failure to file a proper written response to this Order by February 15, 2022 will result in the dismissal of this action for failure to prosecute, see Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:** January 4, 2022



WILLIAM H. ORRICK
United States District Judge

[1] This Court is likely not the proper forum in which to challenge Walters's conviction. She was convicted in the District Court of Idaho. (Pet., Dkt. No. 1 at 1.) As a general rule, federal prisoners must pursue habeas relief in the district of conviction by way of a motion filed under 28 U.S.C. § 2255. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). A federal prisoner may file a petition under § 2241 in the district of confinement if he or she can show that a motion under § 2255 is "inadequate or ineffective to test the validity of his detention." *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). The Ninth Circuit has recognized it as a very "narrow exception," however. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).